UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JASON WINTERS,

                              Plaintiff,

                 -v.-

CITY OF NEW YORK and C/O MOORE
#17409,

                              Defendants.

21 Civ. 2440 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

On November 10, 2021, the Court received a notice on the docket reflecting that several orders that had been mailed to Plaintiff's address of record on August 3, 2021, had been returned.  Relatedly, Defendants filed a letter on November 30, 2021, informing the Court that they had been unable to reach Plaintiff for more than a month.  (Dkt. #25).  Defendants explained that Plaintiff had contacted them on September 2, 2021, to inform them of his release from New York State Department of Corrections and Community Supervision (DOCCS) custody.  (*Id.*).  Defendants' last known contact with Plaintiff was a telephone call on September 21, 2021, during which Plaintiff provided Defendants with an updated mailing address.  (*Id.*).  To this Court's knowledge, despite their persistent efforts, Defendants have been unable to contact Plaintiff since this phone call.

On December 1, 2021, the Court issued an Order directing Plaintiff to show cause in writing on or before January 11, 2022, why his case should not be dismissed for failure to prosecute.  (Dkt. #26).  The Court specifically noted

Plaintiff's failure to: (i) provide the Court with an updated mailing address since the date of his release on August 23, 2021; (ii) serve initial disclosures on Defendants; and (iii) respond to Defendants' discovery requests.  (*Id.*)  The Court further noted that "Plaintiff's continued failure to update the Court of his address may stand as an independent reason for the Court to dismiss his case."  (*Id.*).

As of this date, Plaintiff has not shown cause or otherwise indicated that he intends to comply with the December 1, 2021 Order.  Plaintiff has also failed to update his address of record, amounting to an approximately five-month delay in updating his address since he was released from the facility that is currently listed as his address of record.

An action may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure "[i]f the plaintiff fails to prosecute or to comply with the[ ] rules or a court order."  A Court's discretion to dismiss pursuant to this rule is guided by five factors, none of which are dispositive:

> [i] the duration of the plaintiff's failure to comply with the court order, [ii] whether plaintiff was on notice that failure to comply would result in dismissal, [iii] whether the defendants are likely to be prejudiced by further delay in the proceedings, [iv] a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and [iv] whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste* v. *Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam) (quoting *Lucas* v. *Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).  Here, Plaintiff's noncompliance with the Court's December 1, 2021 Order expressly notified

him that failure to comply may result in dismissal.  Furthermore, Plaintiff has not communicated with Defendants for approximately four months and has failed to provide the Court with an updated address for approximately five months.  These circumstances counsel strongly in favor of dismissal.  *See Folk* v. *Barton*, 15 Civ. 6443 (AJN) (JCF), 2016 WL 8993874, at *2-4 (S.D.N.Y. Dec. 2, 2016) (finding dismissal appropriate where plaintiff failed to contact the defendants or the Court within a three-month period), *report and recommendation adopted*, 2017 WL 2191620 (S.D.N.Y. May 17, 2017); *Laney* v. *Ramirez*, 10 Civ. 9063 (JGK), 2011 WL 6594491, at *1 (S.D.N.Y. Dec. 22, 2011) (dismissing case for failure to prosecute where "[m]ail sent to the plaintiff has been returned to defense counsel" and plaintiff "also failed to file any new address with the Court"); *Dong* v. *United States*, 02 Civ. 7751 (SAS), 2004 WL 385117, at *3 (S.D.N.Y. Mar. 2, 2004) (finding dismissal appropriate where plaintiff "had no contact with either the Court or the Government since a Civil Court hearing . . . [for] a period of over two months").  Indeed, the Court is left with the distinct impression that Plaintiff has lost interest in pursuing this case.

As such, the Court dismisses this case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and failure to comply with a Court Order.

The Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case.

The Clerk of Court is further directed to mail a copy of this Order to the address that Plaintiff provided to Defendants following his release from DOCCS custody.  This address is:

> Jason Winters
> Plaintiff *Pro Se*
> 1991A Lexington Avenue
> New York, New York 10035

SO ORDERED.

Dated:   January 21, 2022
      New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge